ISHEE, J.,
dissenting:
¶ 18. With respect to the majority, I must dissent. We are presented with a case involving the trial court’s grant of summary judgment on a premises-liability issue. In this instance, the injured party is a minor child, Dutch, who, though under the supervision of both a parent, Chandler, and a grandparent, Pomian, left the sidewalk and patio area of a restaurant, Mary Mahoney’s, and was somehow burned in a flower bed. Chandler argues that Dutch was burned after falling onto a landscaping light located approximately eight feet from the sidewalk. Nonetheless, no one saw Dutch touch the light or fall into the light, and he was of such a young age as to be unable to identify what burned him. Chandler merely assumes the light was the cause of the burn after she and her family returned to the area to investigate several hours after the incident.
¶ 19. The majority finds that the grant of summary judgment was improper. I strongly disagree. Summary judgment is proper when “there is no genuine issue as to any material fact.” M.R.C.P. 56(c). The Mississippi Supreme Court has consistently held that “[mjere allegation or denial of material fact is insufficient to generate a triable issue of fact and avoid an adverse rendering of summary judgment.” Palmer v. Biloxi Reg’l Med. Ctr., 564 So.2d 1346, 1356 (Miss.1990). Such is the case here.
¶20. Chandler simply does not have any evidence to link the burn to the landscape light or to show that the landscape light was inherently dangerous. No one can testify to seeing Dutch fall onto the light. The family did not even investigate the area in question until several hours after the incident. Moreover, there is nothing before us allowing us to make a determination that a landscape light is an inherently dangerous device. Furthermore, the light was not located in an area designated for patron use.
¶ 21. The area in question was located outside of the sidewalk and patio area with a raised brick border. There were no step stones, gravel paths, or other entryways or pathways ushering patrons into the area. Chandler admitted under oath that the area in question did not contain benches, chairs, children’s toys, or play equipment. The area simply, consisted of landscaping, grass, a landscaping light, and a garden sculpture. It is obvious that there were clear demarcations in the courtyard as to areas, such as the one in question, not intended for pedestrian traffic.
¶ 22. Additionally, it is not the responsibility of Mary Mahoney’s to monitor pa *978 trons, particularly minor children, who enter areas clearly not designated for their use. It was the responsibility of Chandler and Pomian to supervise Dutch as he was wandering through the courtyard and to insure that he was safely located in areas intended for him. Again, nothing in or around the area indicated that it was suitable for patrons.
¶ 23. Furthermore, the Chandlers have not provided any evidence that Mary Ma-honey’s condoned patrons entering the area in question. Conversely, Mary Maho-ney’s has consistently argued that the area is not intended for patron use. Moreover, there is no evidence that a patron had ever entered the area before this incident, much less that Mary Mahoney’s was aware that a patron had ever entered the area in question. Certainly there is nothing in the record before us to indicate a patron had been injured by the light previously. Likewise, there is no direct evidence in the record before us to indicate that Dutch was injured by the light at all.
¶ 24. It is my opinion that to reverse the grant of summary judgment in this case would create a slippery slope for future cases with regard to evidentiary standards, as well as the duty owed to a patron in similar circumstances. The evidence does not suggest that Mary Mahoney’s created a dangerous environment in the area with the installation of the landscape light or allowed or intended for patrons to enter the area. It was not the responsibility of Mary Mahoney’s to supervise the child on the premises at all, even less so in an area not designated for patrons. Mostly, I must reiterate that there is no direct evidence linking the burn to the light— only conjecture and assumption. In sum, it is my opinion that the Chandlers have failed to provide evidence sufficient to overcome summary judgment. As such, I would affirm the trial court’s ruling.
CARLTON, J., JOINS THIS OPINION. IRVING, P.J., AND FAIR, J., JOIN THIS OPINION IN PART.